UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WILLIE A. WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 8:21-cv-00776<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes WILLIE A. WILLIAMS ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age.

5. Defendant "provides revenue recovery services" and "is known for [its] innovative technology" designed to "deliver the highest rate of recovery . . . ."[1] Defendant is a corporation organized under the laws of the State of Maryland with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a residential lease obligation ("subject consumer debt") that Plaintiff purportedly owes.

8. The subject consumer debt was originally owed to Creekside Crossing in the approximate amount of $400.

9. Upon information and belief, the subject consumer debt was transferred to Defendant for collection purposes after Plaintiff's purported default.

10. Over the last year, Plaintiff began receiving calls to his cellular phone, (678) XXX-0085, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0085. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.hunterwarfield.com/

12. Defendant has used *at least* the following phone numbers when placing collection calls to Plaintiff's cellular phone, (833) 669-0166, (833) 669-0172, (833) 669-0173 but upon belief, Defendant has used other phone numbers as well.

13. The above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

14. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

15. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject consumer debt.

16. Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling him in or around January 2021.

17. Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still continued to place calls to Plaintiff's cellular phone in attempt to collect on the subject consumer debt.

18. Plaintiff has received no less than 30 phone calls from Defendant, over a short period of time, all since demanding that Defendant stop calling him.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in expended resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished

cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff multiple times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully

4

ignored Plaintiff's pleas with the goal of annoying and harassing him.

### b. Violations of the FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff multiple times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

31. As pled in paragraphs 18 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff WILLIE A. WILLIAMS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 31, 2021

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq
Florida Bar No. 1021163
*Counsel for Plaintiff*
Admitted in the Middle District of Florida
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 Ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com